UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE MAROLDA, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SYMANTEC CORPORATION,<br><br>    Defendant.<br>_____/ | No. C-08-5701 EMC<br><br>**ORDER RE ISSUES FOR JULY 19, 2012 HEARING** |

Plaintiff's motion for preliminary approval is currently set for hearing on July 19, 2012. The Court has reviewed the papers submitted by the parties with respect to that motion. Having reviewed the papers, the Court hereby orders that the parties be prepared to discuss the following issues at the hearing.

A.    <u>Expected Recovery vs. Value of Settlement</u>

It is the Court's task to consider whether the Settlement Agreement falls within the range of possible approval. "To evaluate the range of possible approval criterion, which focuses on substantive fairness and adequacy, courts primarily consider plaintiffs' expected recovery balanced against the value of the settlement offer." *Vasquez v. Coast Valley Roofing, Inc.*, 670 F. Supp. 2d 1114, 1125 (E.D. Cal. 2009) (citing *In re Tableware Antitrust Litig.*, 484 F. Supp.2d at 1080) (internal quotations omitted). The parties have failed to provide the Court with sufficient information as to Plaintiffs' potential or expected recovery if the litigation continued, including Defendant's potential maximum exposure. In addition, the parties do not provide an estimated value

of the proposed Settlement, or a precise estimate of the size of the putative class beyond the estimate that it may consist of "several hundred thousand" people. It is therefore difficult for the Court to evaluate the fairness of the proposed settlement, especially given the minimal monetary recovery offered per Class Member and the 18-month expiration date for injunctive relief.

The parties should be prepared to address this issue at the hearing.

B.  Claims Process

The Court is concerned whether a claims process is truly necessary, and if so, whether the claims process is overly onerous in this case, especially given the small monetary value to each purported Class Member and the lack of any *cy pres* fund. The parties should be prepared to address the necessity of this detailed and onerous claims process at the hearing, including the need for paper claim forms as opposed to an online process (with the exception of subscription extensions), the need for Class Members to specifically identify which Symantec products they purchased in which order under penalty of perjury, the need for current subscribers to maintain their subscription in order to receive the relief they request (which could require them to pay more than the value of the benefit received depending on the extent of the delay between notice and payout), the inability of current subscribers to receive cash payments without proofs of purchase, and the validity criteria the parties intend to provide the claims administrator to determine what claim forms are deemed "valid."

C.  Proposed Timeline

The parties should be prepared to address their proposed deadlines for implementing the Settlement. *See* Mot. at 8-10. In particular, the Court has concerns about the fact that the entire claims process is scheduled to take place after the Court enters Final Judgment in the case (assuming it does so), which would preclude the Court from assessing the strength of the Class's response to the Settlement and any bearing that response might have on final approval or Class Counsel's requested attorney's fees.

D.  Class Notice

The parties should be prepared to address the following issues with respect to the Class Notice plan and forms:

(1) Whether the instructions for Class Members who wish to object to the Settlement imposes unnecessary hurdles for members to clear in order to object and creates the impression that an objection must include supporting documents and formal or detailed reasoning in order to be considered;

(2) Whether the Settlement Agreement's provision allowing the parties to mutually modify the claims administration process without Court approval, so long as said modification is consistent with the general intent of the rest of the Agreement, *see* Settlement Agreement at 9 ¶ 1(dd), could detract from the Court's obligation to ensure adequate class notice and fairness to the class as a whole;

(3) Whether the notice forms adequately inform the Class that they can object to the attorney's fees;

(4) Whether the Class website will include the motions for final approval and attorney's fees, once they are filed; and

(5) Whether the notice and claim forms adequately inform current subscribers that they must not let their subscriptions lapse in order to receive their requested two-month subscription extensions.

E. <u>Attorney's Fees</u>

The parties should be prepared to explain to the Court the basis for their expected request for $1.7 million in attorney's fees, including the relationship between the fees requested and the expected value of the Settlement for the Class, both before and after the claims process.

The Court may raise other issues at the hearing.

IT IS SO ORDERED.

Dated: July 16, 2012

_____
EDWARD M. CHEN
United States District Judge

3