LAW OFFICES OF
THOMAS M. MULLANEY
Thomas M. Mullaney
 (admitted *pro hac vice*)
 mulllaw@msn.com
275 Madison Avenue, Suite 3700
New York, New York 10016
Tel 212.223.0800 - Fax 212.661.9860

BROWNE GEORGE ROSS LLP
Eric M. George (SBN 166403)
 egeorge@bgrfirm.com
Michael A. Bowse (SBN 189659)
 mbowse@bgrfirm.com
2121 Avenue of the Stars, Suite 2400
Los Angeles, California 90067
Tel (310)274-7100 - Fax (310) 275-5697

LARRY D. DRURY, LTD.
Larry D. Drury
 ldrurylaw@aol.com
100 North LaSalle Street, Suite 1010
Chicago, Illinois 60602
Tel 312.346.7950 – Fax 312.346.5777

Attorneys for Plaintiff Diane Marolda,
Individually and On Behalf of All Others
Similarly Situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| DIANE MAROLDA, Individually and on behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> SYMANTEC CORPORATION, <br><br> Defendant. | Case No. 08-cv-05701 EMC <br> The Hon. Edward M. Chen <br><br> **[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND RELATED MATTERS** <br><br> Judge: Hon Edward M. Chen <br> Date:  August 10, 2012 <br> Time:  1:30 p.m. <br> Crtrm.:5, 17th Floor <br><br> Trial Date:   None Set |

The parties to this Action have entered into a settlement agreement dated June 13, 2012 ("Settlement Agreement"), and the parties have filed a joint Unopposed Motion for Preliminary Approval of Settlement and supporting memoranda of points and authorities. All words with initial capital letters used in this Order have the meaning as defined in the Settlement Agreement, which is incorporated herein by reference.

The Court has read and considered the Settlement Agreement and each of the supporting documents, including the Class Settlement Notice Plan, and the exhibits thereto, including: the Settlement Long Form Notice, the Publication Notice, the Summary E-mail Notice, the Summary Postcard Notice, the Internet Banner Notice (collectively, the "Notices"), and the Notice Plan from Hilsoft Communications. Having done so, the Court finds that there is sufficient basis for granting preliminary approval of the Settlement Agreement, to order dissemination of the Notices, and to authorize steps necessary to determine whether the Settlement Agreement should be finally approved, whether a class should be finally certified for settlement purposes, and whether the Action should be dismissed.

NOW, it is hereby ORDERED as follows:

1. The Court has jurisdiction over the subject matter of the Action and over all Parties to the action, including, without limitation, the Settlement Class, to enter this Order.

2. The Court hereby preliminarily certifies, for settlement purposes only, the following Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3), defined as follows: All Persons throughout the United States from October 1, 2005 through May 23, 2012 who entered into an Eligible Transaction by 1) purchasing a subscription to an Eligible Product and enrolling in Symantec's automatic renewal service for that product subscription and, 2) purchasing (or renewing), either during the term of that subscription or within 60 days after an automatic renewal of that Eligible Product was charged to them by Symantec or its agent(s), a second Eligible Product which was installed on the same computer, and were charged for both the automatic renewal of the initial software product subscription and the second Eligible Product

subscription, and did not receive a refund for the automatic renewal charge(s) for the initial Eligible Product purchased. Excluded from the Settlement Class are: the Defendant, its predecessors, successors, and its current and former directors, officers, employees, agents, attorneys, representatives, affiliates, associates, consultants, advisers, parents and subsidiaries; and Persons who have purchased the product for resale, and any Person who has validly elected to exclude themselves from the Settlement Class pursuant to Paragraph 16 herein.

3. The Court hereby appoints Diane Marolda to serve as Class Representative.

4. The Court hereby also approves the following law firms to serve as Class Counsel: The Law Offices of Thomas M. Mullaney and Larry D. Drury, Ltd.

5. Neither the preliminary certification of the Settlement Class for settlement purposes, nor any other act relating to the negotiation, execution, or implementation of the Settlement Agreement, shall be considered as a factor in connection with any class certification issue(s) if the Settlement Agreement terminates or Final Settlement Approval does not occur.

6. The Court hereby preliminarily approves the Settlement Agreement, and the settlement contemplated thereby, as being a fair, reasonable and adequate settlement to all members of the Settlement Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure.

7. Solely for the purposes of effectuating the Settlement, the Court hereby further preliminarily finds as follows: joinder of all Settlement Class Members in a single proceeding would be impracticable, if not impossible because of their numbers and dispersion; the Class Representative and Class Counsel have capably prosecuted the claims of the lawsuit; no conflict exists between the Class Representative or Class Counsel and the Settlement Class; the Class Representative and Class Counsel are adequate representatives for the Settlement Class; the Class Representative's claims are typical of the Settlement Class; the Class Representative is a member of the Settlement Class and has claims representative of the claims

and defenses presented in this case; commonality is satisfied in this case for settlement purposes as a number of common issues exist among Settlement Class Members; common issues predominate over individual issues in the context of settlement; and certification of an agreed-upon settlement class is a superior mechanism for resolving these claims.

8. The foregoing preliminary findings and preliminary and conditional certification that this Action may be maintained for settlement purposes only as a class action and the appointment of Class Counsel shall be without force or effect if: (a) the Court does not give final approval to the Settlement Agreement and enter judgment as contemplated therein; or (b) the Court's approval of the Settlement Agreement and/or entry of a final approval order and judgment are reversed or modified on appeal.

9. The Settlement Agreement was arrived at in good faith, following extensive arm's-length negotiations by counsel for the parties.

10. The Court hereby gives its approval to the forms of the Notices and methodology for disseminating notice of the pendency of this class action and settlement to the Settlement Class members set forth in the Class Settlement Notice Plan, which appears as Exhibit B to the Settlement Agreement. The Court finds that the Notices to be given constitute the best notice practicable under the circumstances, including individual notice via electronic-mail and, where necessary, by First-Class Mail to those Settlement Class Members for whom the Defendants have physical address information and by published notice as described in the Class Settlement Notice Plan. The Court finds that the proposed Class Settlement Notice Plan fully satisfies Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, and is the best notice practicable under the circumstances. The Court hereby directs that notice be given pursuant to the terms set forth in the Settlement Agreement and the Class Settlement Notice Plan, provided that the Parties, by agreement, may revise the Notices and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy.

11. Hilsoft Notifications ("Hilsoft") and Epiq Class Actions and Claims Solutions, Inc. are hereby appointed to supervise and administer the settlement notice and claims process, respectively (with Epiq Class Actions and Claims Solutions, Inc. appointed as Claims Administrator) as more fully set forth in the Settlement Agreement.

12. Defendant shall provide to Hilsoft and the Claims Administrator all customer and other information necessary for Hilsoft to disseminate the Notices and for the Claims Administrator to process and validate all claims submitted, and to effectuate the relief available under the Settlement.

13. The Court preliminarily determines that the plan of distribution in Sections 3 and 4 of the Settlement Agreement fairly and adequately addresses the matters of settlement administration, claims submission and distribution of monetary payments and other benefits among Settlement Class Members.

14. No payments will be made to Class Members, Class Counsel or Plaintiff unless expressly authorized by the terms of the Settlement Agreement and approved by the Court.

15. Settlement Class Members who want to obtain benefits available pursuant to the Settlement Agreement shall do so in the manner set forth in the instructions accompanying the Claim Form (which are reflected in the Settlement Agreement). Unless the Court orders otherwise, Claim Forms must be submitted in compliance with the Settlement Agreement. Valid Claims shall be paid in accordance with the requirements set forth in the Settlement Agreement.

16. Any Settlement Class Member shall have the right to opt out of the Settlement Class by sending a written request for exclusion from the Settlement Class to the following address: Norton Settlement Exclusions; P.O. Box 3170; Portland, OR 47208-3170, postmarked no later than February 26, 2013. To be effective, the request for exclusion (or opt-out request) must: (A) be signed by that member of the Settlement Class; (B) include that Person's full name, current address and email address; (C) include a statement substantially similar to the

following: "I request to be excluded from the Settlement Class in Marolda v. Symantec Corporation, No. 08-5701 (EMC)."

17. No request for exclusion will be valid unless the request is timely sent and in substantial compliance with the requirements of the preceding paragraph. If a timely and valid request for exclusion is made by a member of the Settlement Class, then that Class Member will not be entitled to participate in the Settlement, cannot object to the Settlement and will not be bound by the Settlement and/or any determinations and/or judgments concerning the Settlement Agreement.

18. All Settlement Class Members (whether or not they submit a Claim Form) who have not validly excluded themselves from the Settlement Class shall be bound by all determinations and judgments concerning the Settlement Agreement and the settlement contemplated thereby. Within ten (10) business days after the Court-ordered deadline for opting out from the Settlement Class, the Claims Administrator shall provide to the Parties' Counsel the names and applicable addresses of the Class Members who have timely and properly opted out of the Settlement Class as permitted by the Court, as well as the total number of such Persons.

19. Any Settlement Class Member who wishes to object to the fairness of the Settlement Agreement must do so (either personally or through an attorney), by filing a written objection, together with any supporting written or documentary materials with the Clerk of the Court, postmarked on or before February 26, 2013. Any such written notice of objection must include (a) the Settlement Class Member's complete name, current address and telephone number and current email address, (b) a statement of each objection asserted, including the grounds for each objection and, (c) any documents, evidence or other information the Settlement Class Member wants the Court to consider. This written objection must also be served by hand, overnight mail, or by First-Class mail, postmarked no later than February 26, 2013 to:

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| Clerk of the Court<br>United States District Court for the<br>   Northern District of California<br>Phillip Burton Federal Building<br>   and United States Courthouse<br>450 Golden Gate Avenue<br>San Francisco, Ca 94102<br>Re: Marolda v. Symantec Corp.<br>   Case No. 3:08 – CV–05701–EMC | Thomas M. Mullaney<br>The Law Offices of Thomas M. Mullaney<br>275 Madison Avenue, Suite 3700<br>New York, NY 10016 | Bruce A. Colbath<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153 |

The Claims Administrator shall promptly, and in any event within one business day after receipt, provide copies of any written objections it receives to the Parties' Counsel. In addition, any Settlement Class Member who wishes to be heard at the final approval hearing (or, if represented by an attorney, the Settlement Class Member's attorney) must file a notice of appearance with the Court within the deadline established by the Court. Any Settlement Class Member who does not make their objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed settlement contemplated by the Settlement Agreement, or to the award of any Fee and Expense Award and/or the Incentive Award to the Class Representative. Any Settlement Class Member who does not file a timely objection that includes the foregoing required information shall be foreclosed from objecting to the Settlement Agreement and shall be foreclosed from seeking any adjudication or review of the Settlement Agreement by appeal or otherwise.

      20.    All further proceedings in the Action (including, but not limited to, any existing discovery obligations) are ordered stayed until Final Settlement Approval or termination

of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate Final Settlement Approval.

21. The Court hereby schedules a hearing on entry of a Final Judgment and Order of Dismissal (the "Fairness Hearing") for April 5, 2013 at 1:30 p.m. in Courtroom 5 at the United States Courthouse for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102. At the Fairness Hearing the Court will also consider: whether the settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be approved by the Court; the amount of a Fee and Expense Award to be awarded to Class Counsel; and whether an Incentive Award to Plaintiff should be awarded, and, if so, the amount of that award.

22. The date and time of the Fairness Hearing shall be set forth in, inter alia, the Notices. The Court reserves the right to adjourn or continue the date of the Fairness Hearing. In the event the date is changed, that information shall be posted on the website maintained by the Claims Administrator, and the Parties shall not be required to re-send or re-publish the Notices.

23. The Parties' Counsel shall file memoranda or other materials in support of the motion for final approval of the Settlement Agreement, including any response to a timely and properly filed objection no later than twenty-one (21) days before the last date by which Settlement class members may object to the settlement.

24. No later than twenty-one (21) days before the last date by which Settlement class members may object to the settlement, Class Counsel may apply to, the Court for a Fee and Expense Award as provided in the Settlement Agreement. At such time, Class Counsel may also submit an application for the approval of an Incentive Award to the Class Representative, to be paid by the Defendant, not to exceed $10,000.

25. The Parties (either jointly or separately) may supplement the motion for final approval to address any objection to the settlement (or any part of it). Any such

supplemental material shall be filed within twenty-one (21) days of the last date by which Settlement Class members may object to the Settlement.

26. If a Settlement Class Member wishes to appear at the Fairness Hearing either in person or through counsel, the Settlement Class Member must file with the Clerk of the Court and serve upon the persons and at the address specified in Paragraph 19 above a Notice of Intention to Appear, postmarked no later than the date set by the Court for the filing of any objections to the settlement. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence or information the Settlement Class Member and/or his or her counsel will present to the Court at the Fairness Hearing. Any Settlement Class member and/or his or her attorney who does not file a timely Notice of Intention to Appear in accordance with these provisions shall be foreclosed from speaking at the Fairness Hearing. The Court will hear from Settlement Class Members who have filed a Notice of Intention to Appear as the Court in its discretion deems appropriate at that time.

IT IS SO ORDERED this __17th__ day of __September__ 2012.



Hon. Edward M. Chen
United States District Judge

IT IS SO ORDERED
Judge Edward M. Chen